UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER ROUSE o/b/o M.M.G., <br> Plaintiff, <br> v. <br> MICHAEL J. ASTRUE, Commissioner of Social Security <br> Defendant. | Case No. C11-5717RSL <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND RE-REFERRING |

This matter comes before the Court on the Report and Recommendation of the Honorable James P. Donohue. Having reviewed the motion and memoranda de novo and considered the remainder of the record, the Court finds as follows:

(1) The Court adopts the Report and Recommendation IN PART. As Judge Donohue found, Plaintiff's claim that Defendant violated her due process rights by failing to find that "she had good cause for the late filing" is squarely foreclosed by the Ninth Circuit's decision in <u>Matlock v. Sullivan</u>, 908 F.2d 492, 494 (9th Cir. 1990) ("The district court's holding that it lacked jurisdiction to review the Appeals Council's discretionary refusal to consider an untimely request for review is AFFIRMED.").

(2) Accordingly, the Court GRANTS IN PART Defendant's motion to dismiss. Plaintiff's claim that the Appeals Council erred in finding that she lacked "good cause

for the late filing" of her claim is DISMISSED for lack of jurisdiction. Matlock, 908 F.2d at 493–94.

(3) The Court DENIES, however, the remainder of Defendant's motion. As explained by the Ninth Circuit in Udd v. Massanari, this Court has jurisdiction to consider "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." 245 F.3d 1096, 1099 (9th Cir. 2001). And, under the facts alleged, Plaintiff has raised a colorable claim that she was denied her "meaningful opportunity" when the Council refused to consider the merits of her appeal despite the fact that, as she alleges, she filed "within 60 days after the date [she] receive[d] notice of the hearing decision or dismissal," 20 C.F.R. § 416.1468(a). E.g., Snow v. Astrue, No. 11–1012–JWL, 2011 WL 1642520 (D. Kan. 2011) (where Judge John Lungstrum found under nearly identical circumstances that the plaintiff alleged a colorable claim and thus remanded for an evidentiary hearing).

The Court thus finds that it has jurisdiction to consider Plaintiff's claim that the Council denied her due process of law by failing to provide her timely notice of its decision. See Dkt. # 1 at 3 ¶ 4; Resp. (Dkt. # 12) at 4 ("This court should hold that the Commissioner's failure to find that Rouse's request for review was timely filed . . . is a clear violation of the Commissioner's regulations, and the Commissioner's action therefore violated Rouse's constitutional right to procedural due process.").

(4) In light of this finding of law, the Court re-refers this matter to Judge Donohue for further proceedings. While it expresses no opinion on the merits of Plaintiff's claim, it does note that Judge Donohue may wish to consider whether it would be appropriate to remand to the Commissioner to make specific factual findings as to whether sufficient evidence of mailing exists, compare Snow, 2011 WL 1642520 at *5–6 (noting the insufficiency of process-based denials in this context), with Dkt. #

ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART AND RE-REFERRING - 2

11-3 at 27 (relying on process to find that notice was mailed), or whether the Court can make this determination itself based on declarations and other common evidence.

DATED this 29th day of May, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART AND RE-REFERRING - 3