1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

| | |
|---|---|
| JENNIFER ROUSE o/b/o M.M.G.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security<br><br>Defendant. | Case No. C11-5717RSL<br><br>ORDER REMANDING TO THE COMMISSIONER FOR FURTHER PROCEEDINGS |

14

15

16

        This matter comes before the Court on the Report and Recommendation of the Honorable James P. Donohue (Dkt. # 20).  Having reviewed the motion and memoranda de novo and considered the remainder of the record, the Court finds as follows:

17

18

19

20

        (1)  As the Court stated in its previous Order (Dkt. # 18), this Court "has jurisdiction to consider Plaintiff's claim that the Commissioner denied her due process of law by failing to provide her timely notice of its decision."  See Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001).  To the extent that Judge Donohue's report can be interpreted to suggest otherwise, the Court declines to adopt it.[1]

21

22

23

        (2)  Because this Court has jurisdiction, it REMANDS this matter back to the Commissioner for further proceedings.

24

25

26

        [1]  As Plaintiff's correctly states, the Court found that it lacked jurisdiction only over Plaintiff's claim that "she had good cause for the late filing."  Compare Dkt. # 21, with Order (Dkt. # 18) (citing Matlock v. Sullivan, 908 F.2d 492, 494 (9th Cir. 1990)).

ORDER REMANDING TO THE COMMISSIONER FOR FURTHER PROCEEDINGS - 1

On remand, the Commissioner may elect to abandon his previous position.  If so, he should vacate the Appeals Council's July 6, 2011 order dismissing Plaintiff's request for review and accept Plaintiff's request as timely filed.  On the other hand, if the Commissioner maintains his position regarding Plaintiff's filing, he must hold an evidentiary hearing and make specific findings regarding whether there exists any <u>actual proof</u> that Plaintiff was mailed a copy of the ALJ decision dated March 18, 2010.  <u>See</u> <u>Snow v. Astrue</u>, No. 11–1012–JWL, 2011 WL 1642520 (D. Kan. 2011) (noting the need for the Commissioner "to present evidence from an individual with personal knowledge of mailing, or that would permit a reasonable inference" that "the notice had sufficient postage and was deposited in the mail").  If sufficient actual proof is lacking, <u>see id.</u>, the Appeals Council's July 6, 2011 order dismissing Plaintiff's request for review must be vacated, and Plaintiff's request must be accepted as timely filed.

Notably, if the Commissioner finds that sufficient actual proof of mailing has been presented, he may find that there exists a <u>presumption</u> that notice was received as required by 20 C.F.R. § 416.1468(a).  To be clear, though, he may not treat this presumption as absolute.  If Plaintiff files affidavits or other evidence supporting her position that notice was never received, <u>cf.</u> Dkt. # 15-1, the Commissioner must consider that evidence and determine whether it rebuts the presumption that arises upon mailing.  <u>See</u> <u>Hernandez-Velasquez v. Holder</u>, 611 F.3d 1073, 1077 (9th Cir. 2010).  And as the Ninth Circuit has explained, such affidavits are not to be discarded lightly.  <u>Id.</u>  To the contrary, they "play a crucial role as rebuttal evidence because 'the only evidence regarding mailing petitioners would have is information about their own receipt or nonreceipt of the decision.'"  <u>Id.</u>  If the Commissioner declines to credit them, he must adequately explain why.  <u>Id.</u> (remanding because the agency failed "to provide any explanation" for its disregard of "the affidavits submitted by Singh and his attorney stating that Singh had not received a copy of [the agency's] decision.").

ORDER REMANDING TO THE COMMISSIONER FOR FURTHER PROCEEDINGS - 2

1      DATED this 13th day of July, 2012.

2

3

_Mht S Lasnik_
Robert S. Lasnik
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER REMANDING TO THE COMMISSIONER FOR FURTHER PROCEEDINGS - 3